IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> and <br><br> THE STATE OF ILLINOIS, <br><br>           Plaintiffs, <br><br> v. <br><br> CITY OF CAHOKIA HEIGHTS, ILLINOIS <br><br>           Defendant. | Civil Action No. |

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Illinois ("State" or "Illinois"), by and through Kwame Raoul, Attorney General of the State of Illinois, on behalf of the People of the State of Illinois on his own motion and upon the request of the Illinois Environmental Protection Agency ("IEPA"), file this Complaint and allege as follows:

## NATURE OF ACTION

1. This is a civil action brought by the United States and the State against the City of Cahokia Heights, Illinois ("Cahokia Heights" or "Defendant") under the Clean Water Act ("CWA") and the Illinois Environmental Protection Act. For many years, Defendant has illegally discharged sewage and other pollutants from its sewage collection system to the waterways in and around Cahokia Heights.

1

2. This action, brought under Section 309 of the CWA, 42 U.S.C. § 1319, and Section 42(d) and (e) of the Illinois Environmental Protection Act, 415 ILCS 5/42(d) and (e), seeks permanent injunctive relief and assessment of civil penalties regarding Cahokia Heights' operation of its sewage collection system. The United States and the State allege that Defendant discharged, and continues to discharge, pollutants and contaminants from its sewage collection system to waters of the United States, into waters of the State, and into the environment and onto land in manners that have caused water pollution and created water pollution hazards in violation of Section 301 of the CWA, 33 U.S.C. § 1311, Sections 12(a), 12(d), 12(f) of the Illinois Environmental Protection Act, 415 ILCS 5/12 (a), 12(d) and 12(f), and Sections 309.102(a), 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 309.102(a), 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. §§ 1331, 1345, and 1355.

4. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because the State claims under the Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq*., are related to the federal claims and form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant. 33 U.S.C. § 1319(b).

6. Venue is proper in this district under 33 U.S.C. § 1319(b) and 28 U.S.C. § 1391(b) because Defendant is located in this district and the acts or omissions that form the basis of this Complaint occurred within this district.

7.	As a signatory to this Complaint, the State of Illinois has actual notice of the commencement of this action in accordance with 33 U.S.C. § 1319(b).

8.	Authority to bring this civil action on behalf of the United States is vested in the Attorney General of the United States. 33 U.S.C. § 1366, 28 U.S.C. §§ 516 and 519.

9.	Plaintiff State of Illinois is acting through the Illinois Attorney General on his own motion and at the request of the Illinois EPA. Authority to bring this action is vested in the Illinois Attorney General by Section 4 of the Illinois Attorney General Act, 15 ILCS 205/4, and Section 42(d) and (e) of the Illinois Environmental Protection Act, 415 ILCS 5/42(d) and (e).

## DEFENDANT

10.	Cahokia Heights is a municipality located in St. Clair County, Illinois.

11.	Cahokia Heights is an area of environmental justice ("EJ") concern as identified by EJ Start, a mapping tool utilized by the Illinois EPA.

12.	Cahokia Heights owns and operates a sanitary sewer collection system.

13.	Cahokia Heights' sanitary sewer collection system collects wastewater from residential, commercial, and industrial sources within Cahokia Heights and transports it to the American Bottoms Regional Wastewater Treatment Facility ("American Bottoms Treatment Plant") or into the City of East St. Louis sanitary sewer system.

14.	Defendant is a "municipality" and a "person" within the meaning of 33 U.S.C. § 1362(4) and (5).

15.	Defendant is a "person" within the meaning of 415 ILCS 5/3.315.

16.	Cahokia Heights was established on May 6, 2021, through the merger of the City of Centreville, the Village of Cahokia, and the Village of Alorton.

17.	In conjunction with the establishment of Cahokia Heights, the Commonfields of

Cahokia Public Water District ("Commonfields"), which owned and operated a portion of the sewer system in the City of Centreville, was dissolved.

18. By an intergovernmental agreement, the newly formed City of Cahokia Heights agreed to assume all debts, obligations, and liabilities of Commonfields.

19. Under Illinois Law, when multiple municipalities consolidate, the consolidated municipality, "shall succeed to all…obligations and liabilities of every kind and description of the consolidating municipalities. 65 ILCS 5/7-7-12.

## STATUTORY AND REGULATORY BACKGROUND

### A. The Clean Water Act

20. The purpose of the CWA is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The CWA established a national goal to eliminate the discharge of pollutants to navigable waters. 33 U.S.C. § 1251(a)(1).

21. The CWA, at 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant" by any person to navigable waters of the United States except as authorized by a permit issued by EPA or an authorized State pursuant to 33 U.S.C. § 1342.

22. 33 U.S.C. § 1362(12) defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

23. 33 U.S.C. § 1362(6) includes "sewage" in the definition of the term "pollutant."

24. 33 U.S.C. § 1362(7) defines "navigable waters" to be "the waters of the United States, including the territorial seas."

25. At all times relevant to the violations alleged in this Complaint, the term "waters of the United States" included traditional navigable waters and tributaries to such waters that are relatively permanent, standing, or continuously flowing bodies of water.

26. Section 502(14) of the CWA, 33 U.S.C. § 1362(14) defines the term "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit…from which pollutants are or may be discharged."

**B. State Law**

27. Section 12(a) of the Illinois Environmental Protection Act, 415 ILCS 5/12(a), prohibits any person from causing, threatening, or allowing the discharge of any contaminant so as to cause or tend to cause water pollution in Illinois or so as to violate regulations or standards adopted by the Illinois Pollution Control Board under the Illinois Environmental Protection Act.

28. Section 12(d) of the Illinois Environmental Protection Act, 415 ILCS 5/12(d), prohibits any person from depositing any contaminants upon the land in such place and manner so as to create a water pollution hazard.

29. Section 12(f) of the Illinois Environmental Protection Act, 415 ILCS 5/12(f), prohibits the discharge of any contaminant into waters of the State without an NPDES permit for point source discharges issued by the Illinois EPA, or in violation of any term or condition imposed by such NPDES permit.

30. Section 3.165 of the Illinois Environmental Protection Act, 415 ILCS 5/3.165, provides that "Contaminant" is any solid or gaseous matter, any odor, or any form of energy, from whatever source.

31. Section 301.275 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 301.275, provides that "Effluent" is any wastewater discharged,

directly or indirectly, to the waters of the State or to any storm sewer, and the runoff from land used for the disposition of wastewater or sludges, but does not otherwise include nonpoint source discharges such as runoff from land or any livestock management facility or livestock waste handling facility subject to regulation under Subtitle E.

32. Section 3.550 of the Illinois Environmental Protection Act, 415 ILCS 5/3.550, provides that "Waters" means all accumulations of water, surface and underground, natural and artificial, public and private, or parts thereof, which are wholly or partially within, flow through, or border upon Illinois.

33. Section 3.545 of the Illinois Environmental Protection Act, 415 ILCS 5/3.545, provides that "Water pollution" is such alteration of the physical, thermal, chemical, biological, or radioactive properties of any waters of the State, or such discharge of any contaminant into any waters of the State, as will or is likely to create a nuisance or render such waters harmful or detrimental or injurious to public health, safety, or welfare, or to domestic, commercial, industrial, agricultural, recreational, or other legitimate uses, or to livestock, wild animals, birds, fish, or other aquatic life.

34. Section 309.102(a) of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 309.102(a), provides that, "Unless it complies with the [Illinois Environmental Protection] Act, [Illinois Pollution Control] Board regulations, the CWA, and the provisions and conditions of the NPDES permit issued to the discharger, the discharge of any contaminant or pollutant by any person into the waters of the State from a point source or into a well is unlawful."

35. Section 302.203 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 302.203, provides that, "Waters of the State must be free from sludge or

bottom deposits, floating debris, visible oil, odor, plant or algal growth, and color or turbidity of other than natural origin."

36. Section 304.106 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 304.106, provides that, "In addition to the other requirements of this Part, effluent must not contain settleable solids, floating debris, visible oil, grease, scum or sludge solids. Color, odor and turbidity must be reduced to below obvious levels."

37. Section 306.102(a) of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 306.102(a), provides that, "All treatment works and associated facilities must be constructed and operated to minimize violations of applicable standards during contingencies including flooding, adverse weather, power failure, equipment failure, or maintenance, through measures including multiple units, holding tanks, duplicate power sources, or other appropriate measures."

38. Section 306.303 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 306.303, provides that, "Excess infiltration into sewers must be eliminated, and the maximum practicable flow must be conveyed to treatment facilities."

39. Section 306.304 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 306.304, provides that, "Overflows from sanitary sewers are prohibited."

### C. Federal and State Enforcement Provisions

40. 33 U.S.C. § 1319(b) authorizes the Administrator of EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, when a person is in violation of 33 U.S.C. § 1311.

41. 33 U.S.C. § 1319(d) provides that any person who violates 33 U.S.C. § 1311 shall be subject to a civil penalty of up to $25,000 per day for each violation occurring before January 30, 1997.

42. Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996 and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. § 2461 note: Pub. Law No. 114-74, § 701, 129 Stat. 39 (2015), CWA statutory penalties have been adjusted for inflation through 40 C.F.R. § 19.4. As adjusted for inflation pursuant to statute, the relevant maximum civil penalty under 33 U.S.C. § 1319(d) is currently $66,712 per day per violation for violations occurring after November 2, 2015 where penalties are assessed on or after December 27, 2023.

43. Section 42 of the Illinois Environmental Protection Act, 415 ILCS 5/42, provides that any person who violates the Illinois Environmental Protection Act or a regulation of the Illinois Pollution Control Board is liable for a civil penalty of $50,000 for each violation of the Act, and an additional civil penalty of up to $10,000 for each day during which the violation continues.

44. Section 42(b)(1) of the Illinois Environmental Protection Act, 415 ILCS 5/42(b)(1), provides that any person that violates Section 12(f) of the Illinois Environmental Protection Act, any NPDES permit or term or condition thereof, or any filing requirement, regulation, or order relating to the NPDES permit program shall be liable for a civil penalty of not to exceed $10,000 per day of violation.

45. Section 42(d) and (e) of the Illinois Environmental Protection Act, 415 ILCS 5/42(d) and (e), authorizes the Illinois Attorney General to commence a civil action to recover penalties and to restrain violations of the Illinois Environmental Protection Act, any rule or regulation

adopted under the Illinois Environmental Protection Act, or any permit or term or condition of a permit, or to require such other actions as may be necessary to address violations of the Illinois Environmental Protection Act, regulation adopted thereunder, or any permit or term or condition of a permit.

## GENERAL ALLEGATIONS

### A. Cahokia Heights' Sewer Collection System

46. Cahokia Heights has owned and operated the City's separate sanitary sewer collection system since the City's formation and the dissolution of Commonfields, around May 2021.

47. Prior to the formation of Cahokia Heights, various parts of what is now the Cahokia Heights sewer system were operated by the City of Alorton, the Village of Cahokia, and by Commonfields.

48. Cahokia Heights' sewer system extends over approximately sixteen square miles and serves approximately 21,000 residents. It consists of approximately ninety miles of gravity sewers, four miles of force mains, over 2,000 manholes, and 69 lift stations.

49. Defendant does not have a discharge permit issued by the EPA or an authorized state pursuant to 33 U.S.C. § 1342.

### B. Unlawful Discharges of Pollutants

50. As documented by EPA and Illinois EPA inspections and the City's records, on nearly 300 days between November 22, 2019 and the present, the City of Cahokia Heights or a predecessor entity discharged sewage to waters of the United States from a cleanout pipe at North 82nd Street (the "N. 82nd St. Cleanout Pipe") and an associated receiving ditch (the "Receiving Ditch")

51. The sewage discharged from the N. 82nd St. Cleanout Pipe and the Receiving Ditch often contains solid human waste, toilet paper, tampons, and other debris.

52. As documented by EPA and Illinois EPA inspections and the City's records, on more than 30 occasions since July 20, 2020, the City of Cahokia Heights or a predecessor entity discharged sewage to ditches or stormwater infrastructure that flows to local waterways from locations other than the cleanout pipe at North 82nd Street.

53. In addition to discharges of pollutants, EPA inspectors also observed evidence of poor operations and maintenance, such as lift station bypasses, missing manhole and lift station covers, unsecured lift stations, and poor condition of numerous lift stations.

54. Specifically regarding Illinois EPA inspections, on August 5, August 26, and September 9, 2020, Illinois EPA inspectors observed sanitary sewer overflows ("SSOs") from the N. 82nd St. Cleanout Pipe. Illinois EPA observed that the pump station located near the intersection of N. 82nd Street and Bluff Street was inoperable, and no bypass pumping had been provided. Near a residence located at N. 82nd Street, Illinois EPA observed that a lateral cleanout cap had been removed and raw sewage was actively flowing from the lateral cleanout into a roadside ditch, a tributary to a drainage ditch which flows to a canal (Canal #1), Harding Ditch, and Prairie Du Pont Creek before emptying into the Mississippi River. Illinois EPA also observed significant inflow discharging from the 82nd Street and Belleview Avenue lift station's wet well. Illinois EPA observed sewage near the top of the well at the lift station located at 82nd and Bluff Street, and observed that the pump required manual operation and appeared to have been inactive for some time. Sewage contains settleable solids, floating debris, scum, or sludge solids. The sewage observed during Illinois EPA's inspections was discharged due to failed operation and maintenance of the sanitary sewer system.

55. These observations are documented in the Violation Notice that Illinois EPA issued to Commonfields on September 30, 2020.

56. Illinois EPA issued a second Violation Notice on May 12, 2021 for an SSO at a lift station located near the intersection of Pocket Road and Missouri Avenue, and another Violation Notice on September 1, 2022 for an SSO on Kenneth Street along Blue Water Lane.

57. On January 24, 2024, Illinois EPA observed another SSO from the N. 82nd St. Cleanout Pipe. Illinois EPA observed the sewer sanitary overflowing at the cleanout, estimated to be moving at 10 gallons per minute flowing in the ditch towards the south that is a tributary to a drainage ditch which flows to Canal #1, Harding Ditch, and Prairie Du Pont Creek before emptying into the Mississippi River.

58. These observations are documented in the fourth Violation Notice that Illinois EPA issued to Cahokia Heights, dated February 22, 2024.

C. **Waters of the United States**

59. SSOs from the N. 82nd St. Cleanout Pipe discharge into the Receiving Ditch.

60. The Receiving Ditch flows to Canal #1, then to Harding Ditch, Prairie Du Pont Creek, and the Mississippi River.

61. The Mississippi River is a water of the United States because it is a traditional navigable waterway that is and has been used for interstate commerce.

62. Canal #1, Harding Ditch, and Prairie Du Pont Creek are waters of the United States because they are perennial tributaries to the Mississippi River that are relatively permanent, standing, or continuously flowing bodies of water.

**FIRST CLAIM FOR RELIEF**
**(asserted by the United States)**

**Unpermitted Discharges of Pollutants in Violation of Section 301(a) of the CWA**

63. Paragraphs 1 through 62 are realleged and incorporated herein by reference.

64. As a part of the dissolution of Commonfields, Cahokia Heights assumed all debts, obligations, and liabilities of Commonfields.

65. Under 65 ILCS 5/7-7-12(d) and (e), Cahokia Heights assumed the liabilities of the former Village of Alorton, Village of Cahokia, and City of Centreville.

66. The N. 82nd St. Clean Out Pipe is a "point source," as defined in 33 U.S.C. § 1362(14).

67. The Receiving Ditch is a "point source" as defined in 33 U.S.C. § 1362(14).

68. Canal #1, Harding Ditch, Prairie Du Pont Creek, and the Mississippi River are "navigable waters" within the meaning of 33 U.S.C. § 1362.

69. Neither Cahokia Heights, the Village of Alorton, the Village of Cahokia, the City of Centreville, nor Commonfields has or has ever had an NPDES Permit issued under Section 402 of the CWA, 33 U.S.C. § 1342 to permit the discharge of a pollutant from the N. 82nd Street Cleanout or the Receiving Ditch.

70. On more than 300 occasions since November 2019, Cahokia Heights or its predecessors have discharged sewage, a pollutant within the meaning of 33 U.S.C. § 1362(6), to navigable waters in violation of 33 U.S.C. § 1311(a).

71. Each instance in which Cahokia Heights or Commonfields discharged pollutants to navigable waters without a permit authorizing such discharges, is a violation of 33 U.S.C. § 1311(a).

72. Unless enjoined by an order of the Court, Cahokia Heights will continue to discharge pollutants from its sewer system in violation of 33 U.S.C. § 1311(a).

73. For each violation under this claim, Cahokia Heights is subject to injunctive

relief, as well as civil penalties payable to the United States up to the amounts set forth in Paragraphs 41 and 42 above.

## SECOND CLAIM FOR RELIEF
### (asserted by the State of Illinois)

**Unpermitted Discharges in Violation of the Illinois Environmental Protection Act and Illinois Pollution Control Board Water Pollution Regulations**

74. Paragraphs 1 through 62 are realleged and incorporated herein by reference.

75. The Receiving Ditch is a "water" of the State of Illinois as that term is defined by Section 3.550 of the Illinois Environmental Protection Act, 415 ILCS 5/3.550 (2022).

76. The discharge of sewage, a contaminant, into the Receiving Ditch that flows into a drainage ditch, Canal #1, Harding Ditch, Prairie Du Pont Creek, and eventually the Mississippi River, described in Paragraphs 54 and 57 caused the alteration of the physical and chemical properties of the water so as to create a nuisance and render such waters harmful or detrimental or injurious to public health, safety or welfare, or to domestic, commercial, industrial, agricultural, recreational, or other legitimate uses, or to livestock, wild animals, birds, fish, or other aquatic life, and therefore is "water pollution" as that term is defined in Section 3.545 of the Illinois Environmental Protection Act, 415 ILCS 5/3.545 (2022).

77. The discharge of sewage, a contaminant, into the Receiving Ditch that flows into Canal #1, Harding Ditch, Prairie Du Pont Creek, and eventually the Mississippi River, described in Paragraphs 54 and 57 violates Section 12(d) of the Illinois Environmental Protection Act, 415 ILCS 5/12(d) (2022), which prohibits entities from depositing contaminants upon the ground in such a manner as to threaten water pollution.

78. The discharge of sewage, a contaminant, into the Receiving Ditch, Canal #1, Harding Ditch, Prairie Du Pont Creek, and eventually the Mississippi River, described in

Paragraphs 54 and 57 also violates Sections 12(a) and 12(f) of the Illinois Environmental Protection Act, 415 ILCS 5/12(a) and 12(f), and Sections 309.102(a) of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 309.102(a), which prohibit entities from causing or allowing discharges of contaminants so as to cause or tend to cause water pollution and causing, threatening, or allowing unpermitted discharge of contaminants.

79. The discharge of sewage into the Receiving Ditch, Canal #1, Harding Ditch, Prairie Du Pont Creek, and eventually the Mississippi River, described in Paragraphs 54 and 57 also violates Sections 302.203 and 304.106 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 302.203 and 304.106, which prohibits discharging effluent that constitutes an offensive discharge and allowing unnatural sludge, floating debris, or odor in a water of the State that constitutes an offensive condition.

80. The discharge of sewage into the Receiving Ditch, Canal #1, Harding Ditch, Prairie Du Pont Creek, and eventually the Mississippi River, described in Paragraphs 54 and 57 also violates Sections 306.102(a), 306.303, and 306.304 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 306.102(a), 306.303 and 306.304, which make it a violation to fail to maintain sanitary sewer systems, eliminate excess infiltration into sanitary systems, and prohibit overflows from sanitary sewers.

81. Section 42(d) and (e) of the Illinois Environmental Protection Act, 415 ILCS 5/42 (d) and (e), provide that any person who violates the Illinois Environmental Protection Act or a regulation of the Illinois Pollution Control Board shall be subject to injunctive relief and a civil penalty.

82. Unless enjoined by an order of the Court, Cahokia Heights will continue to discharge pollutants from its sewer system in violation of Sections 12(a), 12(d), 12(f) of the

Illinois Environmental Protection Act, 415 ILCS 5/12 (a), 12(d) and 12(f), and Sections 309.102(a), 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 309.102(a), 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States and the State of Illinois, respectfully requests that this Court:

A. Permanently enjoin Defendant from any further violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq*.

B. Order Defendant to expeditiously complete all actions necessary to ensure that it achieves proper sewer system operation and maintenance to eliminate the unlawful discharge of pollutants and meet all other requirements of the Clean Water Act and Illinois Environmental Protection Act.

C. Order Defendant to pay a civil penalty to the United States of up to $66,712 per day for each CWA violation.

D. Order Defendant to pay a civil penalty to the State of Illinois of up to $50,000 for each violation of Sections 12(a) and 12(d) of the Illinois Environmental Protection Act, 415 ILCS 5/12(a) and 12(d), and Sections 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 302.203, 304.106, 305.102(b), 306.102(a), 306.303, and 306.304, and an additional penalty of $10,000 for each day during which such violation continues, and a civil penalty of up to $10,000 for each day of each violation of Section 12(f) of the Illinois Environmental Protection Act, 415

ILCS 5/12(f) (2022), and Section 309.102(a) of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 309.102(a).

      E.      Award Plaintiffs United States and the State of Illinois its costs and expenses incurred in this action; and

      F.      Grant such other relief as this Court deems just and proper.

Respectfully submitted,

THE UNITED STATES OF AMERICA

TODD S. KIM
Assistant Attorney General
Environment and Natural Resources Division


_____/s/__*Lauren D. Grady*_____
LAUREN D. GRADY (ARDC# 6315393)
LAUREN M. MATOSZIUK
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 514-2794
Fax: (202) 616-6584
lauren.grady@usdoj.gov

                    PEOPLE OF THE STATE OF ILLINOIS,
*ex rel*. KWAME RAOUL, Attorney
General of the State of Illinois,

MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Division

By:    */s/ Rachel R. Medina*
       RACHEL R. MEDINA, Chief
       Environmental Bureau
       Assistant Attorney General
       ARDC # 6297171

OF COUNSEL:
Christina Briggs
ARDC # 6327367
Caitlin Kelly
ARDC # 6340850
Assistant Attorneys General
Environmental Bureau
Illinois Attorney General's Office
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 557-0586
christina.briggs@ilag.gov
caitlin.kelly@ilag.gov