IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| USA, ET AL,                               ) | |
|                                            ) | Case No.: 3:24-cv-2591-DWD |
|                                            ) | CJRA Track: C |
|           Plaintiffs,                     ) | Mandatory Mediation: No |
| vs.                                        ) | Final Pretrial Date: June 4, 2026 at 10:00 a.m. |
|                                            ) | Bench Trial Date: June 15, 2026 at 9:00 a.m. |
| CITY OF CAHOKIA HEIGHTS,                  ) | Judge: David W. Dugan, U.S. District Judge |
|                                            ) | |
|           Defendant.                      ) | |
|                                            ) | |

**UNIFORM TRIAL PRACTICE AND PROCEDURES**

In conformity with the Civil Justice Reform Act of 1990, and in compliance with the Civil Justice Expenses and Delay Reduction Plan adopted by this Court, the following uniform procedures will apply to civil cases filed in the Southern District of Illinois.

**Scheduling Practice**

Trial settings and other scheduling will vary depending on the track assigned to the case by the judge to whom the case is randomly assigned. There are four tracks designated: "A," "B," "C," and "D." Track A cases are set for trial 8 to 10 months after the date of first appearance by a defendant or default. Track B cases are set for trial 11 to 14 months after the date of first appearance by a defendant or default. Track C cases are set for trial 15 to 18 months after the date of first appearance by a defendant or default. Track D cases are set for trial 19 to 24 months after the date of first appearance by a defendant or default.

Except in cases exempted under SDIL-LR 26.1(a), the attorneys and any unrepresented parties must meet in accord with SDIL-LR 16.2(a) at least **21 days** before

any scheduling conference set by the Court to candidly discuss the issues in the case and potential discovery needs. FED. R. CIV. P. 26(f). Additionally, if the case has been referred into the Mandatory Mediation Program, the attorneys and any unrepresented parties shall confer about the Mandatory Mediation Program and attempt to agree upon a mediator. Within 14 days after this meeting, and at least 7 days before the scheduling conference, the participants must submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order via email to the assigned judge or magistrate judge.

All track B, C, and D cases will be set for a scheduling and discovery conference before the Court within **40 days** after the track has been set. The scheduling conference may be canceled at the discretion of the Court following receipt of the Joint Report of the Parties regarding their initial meeting. The Judge may approve the parties' Joint Report of Parties and Proposed Scheduling and Discovery Order, or enter a separate scheduling order, as circumstances require.

A final pretrial conference will be held by the trial judge at least **7 days** prior to the first day of the presumptive trial month. The parties shall confer and jointly submit a Final Pretrial Order **3 days** before the date of the final pretrial conference unless otherwise directed by the presiding judge.

## Disclosures and Discovery Practice

Except in cases exempted under SDIL-LR 26.1, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). These initial disclosures must be supplemented by the parties, depending on the nature of the case and any limitations placed on discovery at the scheduling conference. The initial disclosures and supplementation are not to be filed with the Clerk of Court.

A party may not seek discovery from another source until: (a) the party seeking discovery has made its initial disclosures as required by Federal Rule of Civil Procedure 26(a), and (b) the parties have met and conferred as required by SDIL-LR 16.2(a). A party may not seek discovery from another party before such disclosures have been made by, or are due from, the other party.

The cut-off date for all discovery, including experts and third parties, shall not be later than **130 days** prior to the first day of the month of the presumptive trial date. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the scheduling and discovery conference.

## Motion Practice

**Motions to remand, motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, and all post-trial motions** shall be supported by a brief. The motion and brief may be combined into a single submission.

The following briefing schedule and page limits apply unless the presiding judge has entered an order modifying the schedule/limits in a particular case.

Adverse parties have **30 days** after the service of a motion/brief to file a response. Motions/briefs and responses shall be no longer than 20 double-spaced typewritten pages in 12-point font. **Reply briefs are not favored and should be filed only in exceptional circumstances**. Reply briefs, if any, shall be filed within **14 days** of the service of a response and shall be no longer than **5 pages**. Sur-reply briefs are <u>not</u> permitted.

For all **motions other than those listed above**, a supporting brief is not required. A party opposing such a motion shall have **14 days** after service to file a written response. Failure to file a timely response to a motion, in the Court's discretion, may be considered an admission of the merits of the motion. **Reply briefs are not favored and should be filed only in exceptional circumstances.** Reply briefs shall be filed within **7 days** of service of the response.

A party may not schedule or notice a hearing or oral argument on a pending motion. Any party desiring oral argument on a motion shall file a formal motion and state the reason why oral argument is requested.

                                            MONICA A. STUMP, Clerk of Court

                                            By: <u>*s/ Dana M. Winkeler*</u>
                                                  Deputy Clerk